# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**JAMES E. JOHNSTON,** *et al.,*

    **Defendants.**

**Case No. 2:11-cr-185**

**Judge Peter C. Economus**

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant James E. Johnson's Motion to Dismiss Counts Four and One of the Indictment, or Alternatively, To Limit Scope of Evidence of Conspiracy. (Dkt. 128.) Defendant asserts that Count One of the Superseding Indictment improperly "lumps the occurrence of multiple conspiracies . . . into a single conspiracy." He argues that, if certain alleged acts are not part of a continuing conspiracy, they are precluded by the five year statute of limitations. He also apparently argues that Count Four should be dismissed if the alleged act occurred before the date specified in the indictment because it was filed exactly five years after that date. For the reasons set forth below, the Court **DENIES** Defendant's motion.

## I.    Count One

In a superseding indictment dated November 22, 2011, the Government alleges that, "[b]etween in or about 2000 through in or about September of 2008," Defendant Johnston and Defendant Karim Soto-Huerta conspired with each other and with other persons to distribute 5 kilograms or more of cocaine and 1000 kilograms or more of marihuana. (Dkt. 61 at 1.)

According to Defendant, a separate alleged "cocaine conspiracy" involving co-defendant Ray Ellis ended in 2001, outside the statute of limitations for this case. (Mot. at 4.) Defendant asserts that the indictment in this case fails to "list any specific overt acts or participation by

Defendant Johnston in relation to the cocaine," and argues that the "cocaine distribution conspiracy . . . cannot be alleged to be a continuing conspiracy." (Mot. at 4, 5.) Defendant therefore seeks dismissal or an order precluding the Government from introducing evidence as to the "cocaine conspiracy" portion of Count One.

Defendant is asking this Court to decide a question reserved for the jury. In a similar case, *United States v. Namer*, the government charged the defendant with a single conspiracy, and the defendant argued that the district court should have stricken certain overt acts from his indictment "because they constituted separate conspiracies that fell outside the relevant statute of limitations." The Sixth Circuit rejected this argument, holding that "[w]hether multiple or single conspiracies exist is a factual question to be determined solely by the jury." *United States v. Namer*, 149 Fed. Appx. 385, 398 (6th Cir. 2005) (citing *United States v. Hughes*, 895 F.2d 1135, 1140 (6th Cir. 1990) ("[w]hether a single conspiracy or multiple conspiracies have been shown is a question of fact resolved by the jury")).

Because the existence of a single conspiracy is a question for the jury, Defendant's motion is **DENIED** as to Count One.

## II.  Count Four

Count Four of the Superseding Indictment alleges that Defendant engaged in money laundering "[o]n or about November 22, 2006," which is exactly five years from the date of the Superseding Indictment. (Dkt. 61 at 6.) Defendant states that "[i]f the offense were deemed to have occurred on or about any day *other* than November 22, 2006, the action would be barred." (Mot. at 5.) Presumably, Defendant is arguing that the statute of limitations would bar prosecution for this offense if it occurred *before* November 22, 2006, which is correct. However, like the issue raised as to Count One, this factual question is a matter for the jury. *See, e.g.,*

*United States v. Harris*, No. 95-4356, 1997 U.S. App. Lexis 16402 (6th Cir. 1997) (upholding a jury instruction that "the government must convince you beyond a reasonable doubt that the crime happened on or after" the date required to satisfy the statute of limitations).

Because the exact date of the offense in Count Four is a question of fact for the jury, Defendant's motion is **DENIED** as to Count Four.

## III. Conclusion

For the reasons set forth above, the Court hereby **DENIES** Defendant's Motion. (Dkt. 128.)

**IT IS SO ORDERED.**

                                         **/s/ Peter C. Economus**
                                         **UNITED STATES DISTRICT JUDGE**